■ RICHARD VICTOR et al., Appellants, v DREXEL, BURNHAM & COMPANY, INC., Respondent, et al., Defendant.—Order entered in the Supreme Court, New York County, on September 23, 1974 granting respondent's motion for a stay of this action pending determination of litigation in the United States courts, with leave to plaintiffs to commence an action in the Federal court, reversed, on the facts and in the exercise of discretion, and the motion denied, with $40 costs and disbursements to appellants. The complaint alleges that for many years prior to 1973 plaintiffs were the owners of common stock and debentures of Equity Funding Corp. In March, 1973 plaintiffs informed defendant Drexel of their desire to sell these securities. But Drexel and its employee, defendant Ball, represented by defendants to be a market analyst and more particularly an expert with respect to the affairs of Equity Funding, dissuaded plaintiffs from effectuating such a sale. The defendants made various representations concerning the future of Equity Funding on which they based their opinion that it was an excellent security to buy. It is alleged that those representations were false. But

plaintiffs believed defendants, retained their securities and shortly thereafter suffered a total loss in the sum of $200,000 in the value of said securities. Drexel is charged with negligence in supervising its employee and with fraud as the result of Ball's misrepresentations of fact concerning Equity Funding that deceived plaintiffs into retaining their securities. In particular the complaint highlighted the misrepresentation that Morgan Guaranty Trust Company had made a thorough investigation of the rumors believed to have produced the substantial volume of sales and sharp decline in Equity Funding securities, had ascertained that the rumors were false and that Morgan Guaranty had executed a letter of intent to help restore Equity Funding's public confidence by participating in a plan to assist that company to buy up a large block of its own shares at a cost not to exceed $25,000,000, of which sum Morgan Guaranty was to advance 10%. Special Term granted the stay upon the ground that the claims asserted in this action against Drexel duplicate class actions now pending in Federal litigation involving Equity Funding in which 69 separate class actions pending in the United States District Courts in various parts of the country were transferred to and consolidated with 20 of those actions which were pending in the United States District Court for the Central District of California. Defendant Ball is not a defendant in any of the Federal actions. Defendant Drexel is a defendant in only one of them. The record does not support the finding that the claims asserted in this action duplicate the actions pending in the Federal courts. In this action Drexel is charged with fraud and with negligent supervision of defendant Ball and misrepresentations as to Ball's expertise and intimate knowledge of Equity Funding's securities and their value. Drexel is not charged with fraud in the single action against it in the Federal court; nor is it charged with negligent supervision over Ball. Furthermore, the Federal actions are predicated on the use of the mails, violations of the Securities Exchange Act of 1934, the Bankruptcy Act or on the Trust Indenture Act of 1939. The instant action, not being predicated on any of the foregoing grounds and the parties being New York residents, it is doubtful that the Federal court would have jurisdiction hereof. In essence, the complaint in the Federal action charges Drexel with issuing optimistic reports about the status of Equity Funding and negligent failure to review its financial status prior to issuance of such optimistic reports by Drexel in order to induce investors to purchase Equity Funding securities. No such allegations are contained in the case at bar. We feel that this action has very little in common with the Federal class actions and that under the facts it was an improvident exercise of discretion to grant the stay, albeit with permission to sue in the Federal court. For the foregoing reasons we reverse. Concur—Markewich, J. P., Kupferman, Capozzoli and Nunez, JJ.; Tilzer, J., dissents in the following memorandum: I believe that Special Term properly exercised its discretion in staying this action pending determination of the Federal action involving defendant Drexel, Burnham & Company, Inc. As stated by Special Term, "the claims asserted herein against petitioner duplicate class action claims now pending in the federal litigation and said federal litigation is being coordinated on a nationwide basis, before a judge familiar with all the issues, pursuant to an order of the federal Judicial Panel on Multidistrict Litigation." And while there are distinctions with respect to the legal theories forming the basis for the State and Federal actions, there are, nevertheless, crucial issues common to both matters. Among those issues are whether the Drexel, Burnham reports were indeed false; whether defendant Drexel, Burnham knew they were false and whether that defendant acted negligently and/or recklessly in issuing those reports.